**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| **LEXBE, INC.,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | **Case No. 1:25-CV-00222** |
| **v.** | § | |
| | § | |
| **LIVEONE, INC.** | § | |
| | § | |
| **Defendant.** | § | |

**<u>COMPLAINT TO CONFIRM ARBITRATION AWARD</u>**

Plaintiff Lexbe, Inc. ("***Plaintiff***") files this Complaint to Confirm Arbitration Award and respectfully states as follows:

## I.    SUMMARY OF RELIEF REQUESTED

1.    Plaintiff seeks (a) an order confirming the final AAA arbitration award dated January 20, 2025 under the Federal Arbitration Act, 9 U.S.C. § 9, (b) entry of judgment thereon pursuant to 9 U.S.C. § 13, and (c) an award of its attorneys' fees and costs incurred in this action, pursuant to the parties' agreements.

## II.    THE PARTIES

2.    Plaintiff Lexbe Inc. is a Texas corporation headquartered in Austin, Texas.

3.    Defendant LiveOne, Inc. ("***Defendant***") is a publicly-traded Delaware corporation headquartered in Beverly Hills, California. Defendant can be served with

process through its registered agent, VCorp Services, LLC, 108 W. 13th St, Ste 100, Wilmington, DE, 19801.

### III.    JURISDICTION AND VENUE

4.    This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(3), in that this is a civil action between citizens of different states in which a citizen of a foreign state is also a party, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

5.    Venue is proper in this judicial district pursuant to 9 U.S.C § 9 because the parties entered into agreements in which they "agree[d] that jurisdiction over and venue of any suit shall be exclusively in the state and federal courts sitting in Austin, TX," and because the Final Award was issued in Austin, Texas.

### IV.    FACTUAL BACKGROUND

6.    Plaintiff is a Texas company that provides cloud-based e-discovery software and services for use in complex litigation. Defendant, a publicly-traded Delaware company based in Beverly Hills, California, was allowed to use that software and those services pursuant to various agreements between the parties.

## A. Defendant Fails to Abide by Its Contractual Obligations

7.   As alleged in Plaintiff's AAA filing, **Exhibit 1** hereto,[1] Plaintiff and Defendant were parties to several agreements at issue in their underlying arbitration:

(a)   Customer Installment Payment Agreement, dated 12/1/2021 ("***Installment Agreement***," Ex. 1 at **Exhibit A**);

(b)   Installment Promissory Note, dated 12/1/2021 ("***Promissory Note***," Ex. 1 at **Exhibit B**);

(c)   eDiscovery Account & Work Authorization Agreement dated 12/1/2021, and then-current Services Agreement (together, "***Customer Agreement 1***," Ex. 1 at **Exhibit C**); and

(d)   eDiscovery Account & Work Authorization Agreement dated 2/1/2022, and then-current Services Agreement (together, "***Customer Agreement 2***," **Exhibit D**).

8.   The Installment Agreement and the Promissory Note were created due to Defendant's previous failures to timely pay Plaintiff for its services. *See* Ex. 1 at Ex. A § 1.[2]

---

[1] **Exhibit 1** is a true and correct copy of Petitioner's Factual Allegations and Claims in Support of Demand for Arbitration, which was filed with AAA on December 8, 2023.

[2] "[Defendant] has an existing valid and binding obligation to [Plaintiff] of the Existing Debt Amount as of the Existing Debt Date, ***arising out of the Company Services*** provided to or for the benefit of [Defendant]; … and [Plaintiff] agrees to accept payment of the Existing Debt Amount as provided in this installment payment agreement …, and the related and concurrently executed promissory note") (emphasis added).

9.    Defendant failed to make payments due under the Installment Agreement and Promissory Note, and further failed to make payments due under Customer Agreement 1 and Customer Agreement 2. *See* Ex. 1 at ¶ 5.

10.    Plaintiff made demands for payment on Defendant, but Defendant did not pay. *See* Ex. 1 at **Exhibits E and F**.

## B. **The Arbitration Provision**

11.    The Parties' Services Agreements contain the following broad arbitration provision:

> ***If a dispute arises out of or relates to this Agreement, or the breach thereof, or relating to the use of the Company Services***, or to any acts or omissions for which the Customer or Users may contend the Company or the Company Related Persons are or may be liable, including but not limited to any claim or controversy as to arbitrability (collectively, a "Dispute"), but excluding a Technology Injunction Action or an Interpleader Action, and if the Dispute cannot be amicably settled, ***then THE DISPUTE SHALL BE FINALLY, AND EXCLUSIVELY, SETTLED BY ARBITRATION UNDER THE RULES OF THE AMERICAN ARBITRATION ASSOCIATION ("AAA").*** … The arbitration shall be conducted in Austin, TX.

Ex. 1 at Exs. C & D, Services Agreement § 30 (emphasis added).

12.    Accordingly, after Plaintiff was unable to collect the amounts owed from Defendant through demand letters, Plaintiff filed an arbitration against Defendant with AAA. *See* Ex. 1.

**C.  The Final Award**

13.    The arbitration's final hearing was held on December 10, 2024, in Austin, Texas, under the commercial rules of the American Arbitration Administration, before Arbitrator Joe Lea, Jr.

14.    Mr. Lea issued the "***Final Award***" on January 20, 2025, and it is attached hereto as **Exhibit 2**. The Arbitrator concluded that Defendant is liable to Plaintiff "under each of [Plaintiff's] breach of contract claims" and also for Plaintiff's "costs of collection, including arbitration costs, attorneys' fees, and prejudgment interest." *Id.* [3]

15.    The Final Award directs Defendant to pay Plaintiff $329,027.19 in damages, as well as pre-award interest and Plaintiff's attorneys' fees and costs, and post-award interest of 12% from January 20, 2025 until the award is satisfied. Ex. 2.

16.    Finally, the Final Award directs Defendant to reimburse Plaintiff $20,827.25, which was Plaintiff's share of AAA administrative fees and expenses and the Arbitrator's compensation and expenses.

**D.  Plaintiff's Contractual Entitlement to Attorneys' Fees and Costs Relating to this Action**

17.    The parties' agreements provide Plaintiff contractual rights to attorneys' fees and costs relating to its collection efforts. *See* Ex. 1 at Ex. B § 4 ("[Defendant] will pay to [Plaintiff] such further amount as will be sufficient to cover

---

[3] The Arbitrator also concluded that Plaintiff "is not liable to [Defendant] under any of [Defendant's] counterclaims." Ex. 2.

the cost and expenses of collection including, without limitation, reasonable attorney's fees, expenses, and disbursements."); Ex. 1 at Exs. C & D, Services Agreement § 30 ("If a party employs attorneys to enforce any right in connection with any Dispute, the prevailing party shall be entitled to recover reasonable attorneys' fees").

18.     Accordingly, if the Final Award is confirmed, then the Court should also award Plaintiff its reasonable and necessary attorneys' fees and costs relating to this action, which Plaintiff would seek pursuant to Rule 54 and Local Rule CV-54.

## V.     CAUSES OF ACTION

### A.     <u>Confirmation of Arbitration Award Under the Federal Arbitration Act, 9 U.S.C. § 9</u>

19.     Plaintiff re-alleges the preceding paragraphs.

20.     Pursuant to the Federal Arbitration Act, 9 U.S.C. § 9, a party to the arbitration may apply for an ordering confirming the award if the parties agreed a judgment of the court shall be entered upon the award.

21.     By reason of the foregoing, this Court should issue an order confirming the Final Award and direct that judgment be entered thereon.

### B.     <u>Attorneys' Fees and Costs Pursuant to the Parties' Agreements</u>

22.     Plaintiff re-alleges the preceding paragraphs.

23.     As provided in the contractual provisions discussed herein, Plaintiff is entitled to its attorneys' fees and costs incurred in this action both because they

constitute "cost[s] and expenses of collection,"4 and because, if the Final Award is confirmed, Plaintiff will be the "prevailing party."5

24.    Accordingly, Plaintiff is entitled to its attorneys' fees and costs incurred in this action.

## VI.    PRAYER

Plaintiff respectfully requests that the Court:

A. Confirm the Final Award in all respects, in accordance with 9 U.S.C. § 9;

B. Enter a judgment in favor of Plaintiff of the amounts awarded in the Final Award, specifically (i) in the amount of $329,027.19, with interest accruing thereon from the date of the Final Award (January 20, 2025) until it is paid in full, at a rate of 12% per annum, and also (ii) in the amount of $20,827.25;

C. Award Plaintiff its reasonable and necessary attorneys' fees and costs incurred in relation to this action; and

D. Award Plaintiff such other and further relief as the Court deems just and proper.

---

4 Ex. 1 at Ex. B § 4 ("[Defendant] will pay to [Plaintiff] such further amount as will be sufficient to cover the cost and expenses of collection including, without limitation, reasonable attorney's fees, expenses, and disbursements.").

5 Ex. 1 at Exs. C & D, Services Agreement § 30 ("If a party employs attorneys to enforce any right in connection with any Dispute, the prevailing party shall be entitled to recover reasonable attorneys' fees").

Respectfully submitted,

**EDMUNDSON SHELTON WEISS
PLLC**

By: _/s/ Jesse Z. Weiss_
Jesse Z. Weiss
SBN: 24013728
Ryan Shelton
SBN: 24037484
3005 S Lamar Blvd
Ste D109 #376
Austin, TX 78704-8864
(512) 596-3058
jesse@eswpllc.com
ryan@eswpllc.com

***Counsel for Plaintiff***